(No. 18479.—Decree affirmed.)
LOUIS TRUTTMANN, Appellee, *vs.* GEORGE TRUTTMANN, Appellant.

*Opinion filed December 21, 1927.*

1. EVIDENCE—*when an idiot is a competent witness.* Whether or not an idiot is competent to testify in a case depends on whether the derangement or feeblemindedness is such as to make the person untrustworthy as a witness, and if the witness has the capacity to observe, recollect and communicate he is competent, and his mental deficiency is considered only in so far as it affects the credit to be given his testimony.

2. DEEDS—*recording of deed is only prima facie evidence of delivery.* Where a deed is made for the benefit of an infant or other incompetent person the recording of the deed by the grantor is only *prima facie* evidence of delivery, and, as evidence of delivery, it may be rebutted.

3. SAME—*grantor's remaining in possession of land is important factor in determining delivery.* The fact that the grantor remains in possession of the land after the deed has been executed is an important fact in determining whether a deed made to a party out of possession has been delivered.

4. SAME—*delivery of deed of voluntary settlement depends on intention as determined by circumstances—presumption.*  While in the case of a voluntary settlement the presumption of delivery from the act of executing and recording the deed is not overcome by proof merely that the grantor retained possession of the deed and the property, the test in each case is the intention with which the act or acts on which the grantee relies as the equivalent or substitute for formal delivery were done, each case being judged by its facts and circumstances, and where the retaining of possession is accompanied by other circumstances, such as payment of taxes and expressions of the grantor's intention, the presumption of delivery may be overcome.

APPEAL from the Circuit Court of St. Clair county; the Hon. HENRY G. MILLER, Judge, presiding.

J. J. BULLINGTON, for appellant.

FARMER & KLINGEL, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

At the April term, 1926, of the circuit court of St. Clair county, appellee, Louis Truttmann, filed his bill of complaint to remove as a cloud upon his title a deed executed by him June 11, 1920, conveying to his son George two improved lots in the city of Belleville for a stated consideration of $4000. The bill alleges that appellee "inadvertently and inconsiderately executed a deed" to said premises and had the same recorded; that the deed was not delivered to the grantee, and that appellee remained in possession of the premises and is still in possession of them and has paid all the taxes thereon, including the taxes for the year 1925. Shortly after the bill was filed, Joseph H. Truttmann, another son of appellee, was appointed conservator for his brother George on a finding of idiocy. The conservator filed an answer to the bill, admitting that appellee was the owner of the premises conveyed by the deed June 11, 1920, and that the deed was executed and recorded on that date, but denying that the deed was not delivered. The answer

alleges that since June 11, 1920, appellee has been in possession of the premises as a tenant and has paid the taxes as a part of the rent. The cause was referred to a master in chancery to take the testimony and report his conclusions. On the hearing the master received in evidence deeds showing the conveyance of the lots to appellee in 1914, a building permit issued to appellee shortly thereafter, tax receipts showing payment of taxes for the years 1920 to 1926, inclusive, and the warranty deed in question conveying the premises to George Truttmann, subject to a building line restriction and the assumption by the grantee of the taxes for the year 1920. The master found that the material averments of the bill had not been proved and recommended a decree dismissing the bill. The chancellor sustained exceptions to the master's report and entered a decree granting the relief prayed. The conservator appealed.

The only witnesses who testified were George, Louis and Joseph Truttmann. In his report the master found that Louis was an incompetent witness and excluded his testimony. Appellee concedes that this ruling was correct.

Joseph testified that George has lived on a farm with him since March, 1914, when his father moved to Belleville; that George is not now and never has been mentally competent to transact ordinary business; that he is strong physically and helps witness with the farm work; that he feeds the stock, works in the fields and does all farm labor which does not require technical knowledge; that he has always been subnormal mentally and was unable to learn in school; that witness has looked after his business for thirteen years and has handled what money and papers he has had; that he has never seen the deed in question in George's possession; that shortly before this suit was brought his father requested George to execute a quit-claim deed conveying the property to him, and witness inquired of his father why he had executed the deed in question

and placed it on record; that his father replied, "Well, if something should have happened to me I wanted it to go to George so that he would be taken care of."

George testified that he is a son of appellee; that he is thirty-one years old; that he started to school when he was about eleven and remained in school for two years; that he cannot now read or write and would not know what a deed was if one were handed to him; that he knows where his father lives in Belleville; that his father never sold him the premises where he lives and that he has never paid his father any money for them; that he has never had a deed for those premises that he knows of, and that he has never had a deed or any other kind of legal paper in his possession.

The conservator contends that George, being an idiot, was incompetent to testify. There was a period when an idiot could not be sworn as a witness, but the test now is whether the derangement or feeblemindedness is such as to make the person untrustworthy as a witness. If the witness has the capacity to observe, recollect and communicate he is competent, and his mental deficiency is considered only in so far as it affects the credit to be given his testimony. While the record shows that George is a mental defective, it does not show such a degree of imbecility as would justify the exclusion of his testimony. The master and the chancellor properly refused to exclude it. *Champion* v. *McCarthy,* 228 Ill. 87; *People* v. *Enright,* 256 id. 221; 1 Wigmore on Evidence, (2d ed.) chap. 19.

Where the deed is made for the benefit of an infant or other incompetent person, the execution and the recording of it by the grantor is *prima facie* evidence of delivery, (*Spencer* v. *Razor,* 251 Ill. 278; *Blankenship* v. *Hall,* 233 id. 116;) but the act of recording is merely *prima facie* evidence of delivery and may be rebutted. (*Ackman* v. *Potter,* 239 Ill. 578; *Union Mutual Life Ins. Co.* v. *Campbell,* 95 id. 267.) The fact that the grantor remains in possession of the land after the deed has been executed is

an important fact in determining whether a deed for land made to a party out of possession has been delivered, (*Wilenou* v. *Handlon,* 207 Ill. 104,) but in the case of a voluntary settlement the presumption of delivery from the act of executing and recording the deed is not overcome by proof merely that the grantor retained possession of the deed and the property. (*Creighton* v. *Roe,* 218 Ill. 619.) The test in each case is the intention with which the act or acts on which the grantee relies as the equivalent or substitute for a formal delivery were done, and each case must therefore be judged by its facts and circumstances. *Hill* v. *Kreiger,* 250 Ill. 408.

There is no direct proof of delivery of the deed in question. Appellant relies entirely upon the presumption arising from the execution and the recording of a deed made by a parent to an incompetent son. As against this presumption we have the proof that the grantor was occupying the premises described in the deed as a homestead at the time the deed was executed and recorded and that he has continued to occupy them and pay the taxes and upkeep on them; that this deed was in his possession at the time of the trial and was put in evidence by him, and that the deed has never been in the possession of the grantee. When the grantor requested the grantee to clear his title to the property by executing a quit-claim deed, the grantor explained that he executed the deed in the first instance to make provision for his unfortunate son in the event something happened to the father. This explanation indicates that the grantor did not intend that the title should immediately vest in his son but that the vesting should be postponed until the happening of some future event—probably his death. All the evidence considered, we are satisfied that this deed was never delivered and that it is void and a cloud upon the title of appellee.

The decree of the circuit court is affirmed.

*Decree affirmed.*