(No. 20371.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* TOM CZAJKOWSKI, Plaintiff in Error.

*Opinion filed December 18, 1930.*

JOHN J. GRIFFIN, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and JAMES B. SEARCY, (HENRY T. CHACE, JR., and EDWARD E. WILSON, of counsel,) for the People.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

Tom Czajkowski was convicted in the criminal court of Cook county upon an indictment of two counts, the first charging him with taking certain immoral, improper and indecent liberties too obscene and gross to be spread upon the record of the court, with a certain child (naming her) of the age of seven years, with the intent of arousing, appealing to or gratifying his lust, passions and sexual desires; the second charging him with contributing to the delinquency of the same child. The defendant has sued out a writ of error.

The only assignments of error argued are on the court's allowing a statement of a witness who was a physician to be read to the jury and in giving the fourteenth instruction for the People.

The bill of exceptions shows that Dr. M. G. Kostrzewski testified at a session of the court held in chambers outside the presence of the jury, and his testimony was later read to the jury by the assistant State's attorney, prefacing the reading by the statement that "in the absence of one juror from this case yesterday afternoon it was agreed by counsel for the defense and counsel for the State that one witness on behalf of the State who came to court yesterday and testified in the presence of the court and in the presence of the defendant and the attorney for the defendant and myself on behalf of the State that his testimony would be read this morning to you twelve gentlemen. I will preface my reading of the testimony of this witness by telling you he is a doctor, and his testimony was called for on behalf of the State merely for the purpose of showing that an examination of the little girl was made in question and the result of that examination." No objection was made to this statement or to the reading of the testimony, but this occurrence is now urged as a reason for reversing the judgment as a violation of the defendant's constitutional right to

meet the witnesses against him face to face. Section 9 of article 2 of the constitution declares that in all criminal prosecutions the accused shall have the right to meet the witnesses face to face. "Every person accused of crime is entitled to the privileges secured to him by that section and he cannot be deprived of them without his consent, but they are rights personal to himself, which he can either waive or insist upon, at his own option. * * * He has a right to meet the witnesses face to face, and if he insists upon his right it cannot be denied him, but he may agree to the taking of evidence by deposition in his absence." (*People* v. *Harris,* 302 Ill. 590; *Hoyt* v. *People,* 140 id. 588.) It was not error to admit the transcript of the witness' testimony.

It is contended that the court erred in giving to the jury, at the request of the People, an instruction, in the language of the statute, that any person of the age of seventeen years and upwards who shall commit any lewd or lascivious act upon or with the body, or any part or member thereof, of any child of either sex under the age of fifteen years, with the intent of arousing, appealing to or gratifying the lust or passions or sexual desires either of such child or person, shall be imprisoned in the penitentiary. It is said that the indictment charges that the defendant did take certain immoral, improper and indecent liberties with the child, while the instruction tells the jury that a person should be imprisoned in the penitentiary if he should commit any lewd or lascivious act upon or with the body, or any part or member thereof, of any child, which, it is said, is an entirely different act from that charged in the indictment. A lewd or lascivious act upon the body of a child is necessarily an immoral, improper and indecent liberty with the child.

The judgment is affirmed.

*Judgment affirmed.*