(No. 22818.— )

THE PEOPLE *ex rel.* Raymond Rising *et al.* Appellees, *vs.* KNOWLTON L. AMES, JR., Director of Finance, *et al.* Appellants.

*Opinion filed February 21, 1935—Rehearing denied April 9, 1935.*

OTTO KERNER, Attorney General, (GEORGE C. Mc-CARTHY, and J. J. NEIGER, of counsel,) for appellants.

MICHAEL F. RYAN, for appellees.

Mr. JUSTICE FARTHING delivered the opinion of the court:

The superior court of Cook county overruled the general demurrer of appellants, the Director of Finance, the State Treasurer, the Auditor of Public Accounts and the

Civil Service Commission to appellees' petition for *mandamus*. Appellants stood by their demurrer and the writ was issued as prayed. Appellants, and each of them, in their official capacity, were commanded to do any and all acts required and necessary under the law, to the end that the petitioners Henry M. Shyer and Fred Hering, and each of them, might "forthwith be re-instated and re-assigned to duty as inspectors (gasoline and kerosene) in the division of oil inspection, in the classified service of the Department of Finance of the State of Illinois, and appropriated for under the title of field agents, with the right to continue in the performance of the duties thereof and to receive the salary appropriated therefor under the title of field agents, as they had prior to their unlawful discharge on July 21, 1933, and until removed as provided by law." An appeal was perfected to the Appellate Court for the First District, where, on motion of appellants, the cause was ordered transferred to this court, for the reason that the State has a direct and substantial interest.

The Fifty-seventh General Assembly appropriated money in 1931 to the Department of Trade and Commerce covering the salaries of thirteen field agents at $1800, ten field agents at $2100 and six inspectors at $2100, aggregating twenty-nine such employees for the Cook county division of the division of oil inspection. (Laws of 1931, p. 142.) The Fifty-eighth General Assembly in 1933 appropriated money to the Department of Finance, and provided, among other things, for twenty-eight such employees—fifteen field agents at $1620 and thirteen field agents at $1800 per annum. No appropriation was made in 1933 for oil inspectors. Laws of 1933, p. 75.

Raymond Rising was a party with appellees, Fred Hering and Henry M. Shyer, but died after this suit was instituted, and upon suggestion of his death the suit was dismissed as to him in the trial court. He, appellees and Ben St. Laurent were appointed inspectors in 1931 and were

under the classified civil service. On July 19, 1933, they each received notice from R. F. Kinsella, superintendent of the division of oil inspection of the Department of Finance, that there had been no appropriation made to cover salaries of inspectors and that therefore the positions held by them had been discontinued. St. Laurent was later notified by Kinsella, the superintendent, that he had been erroneously discharged and that he should disregard the notice above mentioned. The appellees and Rising surrendered their automobiles and equipment on July 21, 1933, at Chicago, as they had been directed.

Through their attorney appellees on July 26, 1933, made a demand upon the Director of Finance and the civil service commissioners that they be re-instated in the positions formerly held by them. In this demand they charged that their ouster was not in good faith or in the interest of economy or for lack of work or funds, but, on the contrary, that their places were immediately filled and the same duties were being performed by temporary appointees under the title of field agents, "and that said ouster was solely and wholly for the purpose of circumventing and evading the mandatory provisions of 'An act to regulate the civil service of the State of Illinois.'" It will be noted that by this demand no hearing was asked for and that it did not comply with section 12 of "An act to regulate the civil service of the State of Illinois," approved May 11, 1905, (Laws of 1905, p. 117,) as subsequently amended, (Smith's Stat. 1933, p. 656; Cahill's Stat. 1933, p. 2623;) which provides: "Whenever an employee who has been removed, discharged or reduced shall file with the Civil Service Commission, within five days after his removal, discharge or reduction, a statement in writing, alleging that his removal, discharge or reduction was made for political, racial, or religious causes, and that he believes that upon a hearing he will be able to establish such a fact, it shall be the duty of the commission to order a hearing,"

etc. This section limits the commission to a determination of the question whether such removal was for political, racial or religious cause, and, if it finds that it was not so caused, it is provided that it shall enter an order to that effect, and the removal, discharge or reduction shall in such event stand and be final. Thus, in *People* v. *Palmer*, 356 Ill. 563, 570, we held: "It [the answer to the *mandamus* petition] also averred positively and directly that the cause of her removal was lack of work and that there were too many employees in the department in which she was employed. The Civil Service law does not require a hearing before the Civil Service Commission except where the removal is for political, racial or religious reasons."

On August 1, 1933, Rising and the appellees filed a petition with the commission by which they sought an investigation under section 14 of the last named statute and also to be re-instated. In this petition they asked for a hearing. Following this, the commission, as its report shows, on its own motion, in accordance with the provisions of section 14, made an investigation. It found that the duties of inspectors and field agents are separate and distinct; that no appropriation had been made in 1933 for salaries of inspectors; that it found no evidence to justify complaints with reference to its enforcement and application of the Civil Service act as to the employment of field agents, Cook county division, division of oil inspection, and dispensing with inspectors in said Cook county division." It also found no evidence to warrant the entry of an order re-instating and re-assigning the appellees and Rising to duties as oil inspectors. The request for a hearing was denied for the specific reason that neither Hering, Rising nor Shyer filed a statement in writing requesting such hearing, as required by section 12 of the Civil Service law of the State, and for the further reason that "the investigation of the matters set forth in the petition had been made" by the commission on its own motion, under section 14.

This report was received by appellees on or about December 12, 1933. They did not file their petition for *mandamus* until February 16, 1934. All the above matters are contained in the allegations of the petition for *mandamus*. It is also alleged in the petition that Kinsella had no power to discharge appellees but that the Director of Finance was the appointing officer.

It is not necessary to set out the numerous points urged by appellants and appellees. Appellees seek to coerce appellants, and charge that the legislature, in substituting in its Appropriation act of 1933 a total of twenty-eight field agents for twenty-three field agents and six oil inspectors, for whose salaries appropriation had been made two years previous, was evading the Civil Service law. We must presume that the legislature acted through patriotic motives and for the best interest of the people of this State. We have no authority to question its motives, nor could the Civil Service Commission nor the Department of Finance raise such a question. *People* v. *Rose,* 203 Ill. 46, 54; *People* v. *Carlock,* 198 id. 150, 157.

The appellees did not attempt to avail themselves of section 12 of the Civil Service act, and, instead, sought to do under section 14 a thing that is not there mentioned. The relief they sought in their petition which they filed with the commission on August 1, 1933, is not authorized by section 14, nor is the commission empowered by that section to receive and act upon such a petition. However, the commission did conduct an investigation to determine whether or not the spirit and letter of the Civil Service act had been met. The allegations of the appellees' petition do not show a clear right in them to the writ of *mandamus*. The writ will not be awarded in a doubtful case but will issue only where the right of a relator is clear and undeniable and the parties sought to be coerced are bound to act. *People* v. *Brentano,* 259 Ill. 359, 369; *People* v. *Busse,* 248 id. 11.

The superior court of Cook county erred in overruling the demurrer of appellants. The demurrer should have been sustained, for the reason that the petition does not show a clear right in appellees even if all the allegations well pleaded be true and every inference that can be drawn from them be taken in its most favorable light.

The judgment of the superior court is therefore reversed and the cause is remanded to the superior court, with directions to sustain the demurrer of appellants and to dismiss the petition of the appellees.

*Reversed and remanded, with directions.*