(No. 23034.—

THE PEOPLE *ex rel.* Edward Behnke, Appellee, *vs.* WALTER
W. McLAUGHLIN, Director of the Department of Agri-
culture, *et al.* Appellants.

*Opinion filed December 16, 1935—Rehearing denied Feb. 5, 1936.*

OTTO KERNER, Attorney General, W. C. CLAUSEN, and
E. B. DICKERSON, (J. J. NEIGER, and M. F. MILNE, of
counsel,) for appellants.

MICHAEL F. RYAN, (CHARLES P. R. MACAULAY, of counsel,) for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

Edward Behnke, appellee, filed an amended petition in the circuit court of Cook county for a writ of *mandamus* to compel his re-instatement as food inspector in the State Department of Agriculture and for salary due after he was laid off. Walter W. McLaughlin, Director of the Department of Agriculture, and others, as defendants, interposed demurrers to the petition, which were overruled. Defendants elected to stand by their demurrers and judgment was entered in accordance with the prayer of the petition. The case comes here on direct appeal because the State is an interested party, the payment being sought out of State funds.

Behnke, a civil service employee, was laid off from his position, effective March 11, 1933, in a letter he received from the director of Agriculture. The letter in part recited: "The reason for abolishing this position is that the territory previously covered by Mr. Behnke has been consolidated with other territories and the work will be handled by these other food inspectors; further, such position is unnecessary for reasons of economy and reduction of expenses in the conduct of the affairs of the Division of Foods and Dairies." On March 13 Behnke protested by letter against the lay-off, then writing that he "believes that he has been discriminated against as 'these other food inspectors' referred to in said notice of lay-off, have been appointed to the position later than he, and that he has priority rights to said position." On May 30 Behnke personally demanded of the director that he be re-instated. A similar demand was also made on the State Civil Service Commission, and both demands were futile. On June 7 Behnke was prepared to file his petition for a writ of *man-*

*damus,* but on the request of the Civil Service Commission he refrained from filing it and instead petitioned the commission under section 14 of the Civil Service act, (Smith's Stat. 1935, chap. 24½, p. 722; Ill. State Bar Stat. 1935, chap. 126*a,* p. 2988;) for an investigation of his alleged illegal ousting, claiming that the lay-off was not an act of good faith. The Civil Service Commission did not proceed to conduct the investigation upon its own motion. Behnke thereafter filed his petition for the writ of *mandamus* in August. However, he did not file a written statement with the Civil Service Commission, under section 12 of the Civil Service act, within five days following his discharge and ask for a hearing under that section. He has admitted in his brief that such action would have been futile, as he was not laid off because of political, racial or religious reasons.

Behnke charges that he was not discharged but was simply "laid off," and that the failure to re-instate him was a clear violation of section 5 of rule 7 of the Civil Service Commission, which reads: "The appointing officer in any department may reduce the number of employees by lay-off whenever it becomes necessary, through lack of funds or work. Such employees shall be placed in the order of lay-off at the head of the eligible list. All temporary employees shall be laid off first."

The failure of the commission to make the investigation upon its own motion under section 14, as promised, if Behnke would not file his original petition for the writ, has no bearing upon the case. Under section 14 Behnke had petitioned not only for an investigation of his matter but also asked the commission to re-instate him. Section 14 is the general investigation section of the Civil Service act and the re-instatement asked could not be given thereunder. (*People* v. *Ames,* 360 Ill. 31.) Invoking section 5 of rule 7 of the commission will not get Behnke the relief sought, for section 14 does not empower the commission to order

re-instatement though the rule be violated. The powers of the Civil Service Commission of the State can only be invoked by a civil service employee when his complaint falls within one of the three categories of section 12 of the Civil Service act.

We do not find it necessary to decide in this case that Behnke possesses the right to institute *mandamus* proceedings under the circumstances, because his amended petition for the issuance of the writ is legally insufficient. The petitioner must show that he has a clear legal right for which *mandamus* is the proper remedy. (*People* v. *Board of Review*, 351 Ill. 301; *People* v. *Cohen*, 355 id. 499.) Furthermore, he must establish that the issuance of the writ will not create confusion and disorder in the public service. (*People* v. *Dunne*, 258 Ill. 441; *Hooper* v. *Rooney*, 293 id. 370.) Behnke's case is doubtful at best, and he has failed to show that he has a clear legal right to the writ. It is not within the province of the courts to overrule the discretionary acts of directors of the different departments of State government in laying off employees, especially where this discretion has been exercised for reasons of economy, to consolidate territories and make for a more efficient distribution of the work among other employees. (*People* v. *Hill*, 350 Ill. 129; *People* v. *Dental Examiners*, 110 id. 180.) The allowance of the writ would tend to bring about confusion, delay and uncertainty in the conduct of public affairs by an administrative arm of our State government, and no such interference could be justified by the facts shown in the case before us.

The judgment of the circuit court of Cook county sustaining the amended petition for the writ of *mandamus* is reversed.

*Judgment reversed.*