(No. 37524.—

CHARLES ESTEL BURKE, Appellant, *vs.* CIVIL SERVICE COMMISSION *et al.,* Appellees.

*Opinion filed February 1, 1963.*

R. W. DEFENBAUGH, of Springfield, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES and EDWARD A. BERMAN, Assistant Attorneys General, of counsel,) for appellees.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

The appellant, Charles Burke, was employed by the Department of Safety as a prison agricultural foreman at the Illinois State Penitentiary at Pontiac. He was charged with certain violations of duty and after a hearing the Civil Service Commission found that one of the charges against him had been proved and ordered that appellant be discharged. The appellant filed a complaint in the circuit court of Sangamon County seeking administrative review of the order of the Commission and the court entered an order affirming the Commission's order. The appellant prosecuted an appeal to the Appellate Court for the Third District. That court transferred the cause here.

Our first concern is whether we have jurisdiction, for in spite of the fact that the Appellate Court transferred the cause here, we have only such appellate jurisdiction as is provided by law, and we must decline to proceed if such jurisdiction is lacking. (*Liberty National Bank* v. *Metrick,* 410 Ill. 429.) The Appellate Court, in its order transferring the cause, relied upon our decision in *Lindeen* v. *Illinois State Police Merit Board,* 25 Ill.2d 349. That case came to us on direct appeal from an order of the trial court revers-

ing an order of the Board discharging a State employee, and we stated there that we had jurisdiction on the ground that the State had a direct interest in the outcome of the litigation. This opinion would, on its face seem to be controlling here. However, there is one important distinction between *Lindeen* and the present case which does not appear from our opinion. In that case the order of the trial court directed that the employee be reinstated and that he receive back salary from the date of his discharge. It is well established that in order for this court to have jurisdiction on direct appeal on the ground that the State is interested, the interest of the State must be a direct substantial interest of a monetary character. (*In re Estate of Kaindl,* 411 Ill. 608.) The order in *Lindeen* that the employee receive back salary directly affected the State's financial interest and we therefore properly exercised jurisdiction in that case.

Our decision in *Lindeen*.was consistent with our decisions in similar cases involving the discharge of State employees. (See *People ex rel. Polen* v. *Hoehler,* 405 Ill. 322; *Drezner* v. *Civil Service Commission,* 398 Ill. 219, 231; *People ex rel. Hamilton* v. *Cohen,* 355 Ill. 499, 501; *People ex rel. Rising* v. *Ames,* 360 Ill. 31.) In all of these cases the issue of whether the employee was entitled to his salary was involved and the State therefore had a direct financial interest. As further bearing upon the question of our jurisdiction, although not controlling, we note that in many cases involving the discharge of a State employee the appeal has gone to the Appellate Court rather than this court. *Worden* v. *State Police Merit Board,* 30 Ill. App. 2d 323; *Samter* v. *Department of Public Welfare,* 9 Ill. App. 2d 363; *Curtis* v. *State Police Merit Board,* 349 Ill. App. 448; *Cartan* v. *Gregory,* 329 Ill. App. 307.

On the other hand, however, there are decisions of this court in which we have taken jurisdiction in such cases where it does not appear that the issue of the employee's salary was involved. (See *Logan* v. *Civil Service Com.*

3 Ill.2d 81; *Secaur* v. *Civil Service Com.* 408 Ill. 197; *Oswald* v. *Civil Service Com.* 406 Ill. 506.) We are satisfied that our exercise of jurisdiction in these cases was unauthorized and to the extent that they hold that we have jurisdiction where the State has no financial interest, they are overruled.

In the present case, the complaint for administrative review did not seek back salary and this issue was not involved in the trial court nor is it involved here. The only issue here is a question of fact as to whether the employee had properly performed his duties. The State has no direct financial interest in this question and we have no jurisdiction on direct appeal. The cause is therefore retransferred to the Appellate Court for the Third District.

*Cause transferred.*