**People of the State of Illinois, Plaintiff-Appellee, v. John R. Cox, Defendant-Appellant.**

Gen. No. 10,870.

Fourth District.

November 1, 1967.

Albert E. Hurt, Public Defender, of Decatur, for appellant.

Basil G. Greanias, State's Attorney of Macon County, of Decatur (Franklin E. Dove, Assistant State's Attorney, of counsel), for appellee.

TRAPP, J.

Defendant was convicted of burglary by a jury and sentenced to a term of two to ten years. His motion for a new trial was denied. He appeals the conviction.

The defendant had been found guilty by a jury at a prior trial upon the same offense, but such conviction was reversed upon appeal. People v. Cox, 74 Ill App2d 342, 220 NE2d 7.

At this trial the prosecution undertook to prove defendant's guilt by introducing into the record a portion of the transcript of the testimony of one Vernon Hall at defendant's prior trial. This was the only evidence connecting the defendant with the offense.

Prosecution's Exhibit No. 1 offered in evidence was a certified record of certain proceedings in the Circuit Court of LaSalle County, Illinois, consisting of (1) a petition for hospitalization on court order of the said Hall, alleged to be in need of mental treatment, then found at the Illinois Industrial School for Boys, Sheridan, Illinois, (2) an order for examination of Hall by a Commission, (3) a report of the Commission's examination, (4) a notice of hearing on such petition for hospitalization served on Hall, (5) an order for the hospitalization of Hall as being in need of mental treatment, and (6) a writ for such hospitalization at the Illinois Security Hospital. The several items referred to are prepared on a set of printed forms purporting to be authorized under the Mental Health Code, chapter 91½, § 3–2, and supplied by the Department of Mental Health.

The report of the Commission's examination found Hall to be immature, impulsive, unable to master hostile, aggressive feelings and liable to act upon slight provocation, so that he was considered dangerous. The diagnosis was an emotionally unstable personality in a brain damaged person. The court ordered mental treatment and immediate hospitalization at the Illinois Security Hospital. This order also provided:

> "It is further found and ordered that Vernon Dale Hall is legally incompetent."

245

People's Exhibit No. 2 was the transcript of the testimony of Vernon Hall at the prior trial. Defendant objected to People's Exhibit No. 1 being admitted in evidence and objected to the admission of People's Exhibit No. 2 as being hearsay, irrelevant, and prejudicial and denying to defendant the right to cross-examine the witness. Such objections were preserved upon a motion for a new trial. Here, the defendant urges that the admission of such transcript into the evidence violates article II, § 9 of the Illinois Constitution in its provision that the accused shall have the right to meet witnesses face to face.

■ The latter provision is a constitutional command which regulates specific aspects of judicial procedure and the objections were sufficient to raise the constitutional issue. People v. Nastasio, 19 Ill2d 524, 168 NE 2d 728.

Before the trial court, the prosecution urged that the transcript was admissible as an exception to the hearsay rule which permits the introduction into evidence of testimony at a former trial where the witness is dead, insane or so ill as to preclude travel to the current trial. Cleary, Handbook of Illinois Evidence, 2nd ed, § 17.8; Gard, Illinois Evidence Manual, Rule 161. Authorities upon this theory were argued before the court, and after taking the matter under advisement and reviewing the authorities, the court ruled Exhibit No. 2 admissible.

It was the hypothesis of the prosecution, and the trial court, that the finding of the Circuit Court of LaSalle County, Illinois, that Hall was legally incompetent, made him incompetent as a witness at this trial. It appears that such finding of legal incompetence was equated with insanity for purposes of the so-called hearsay exception cited.

This is not the law in Illinois under the authorities as we find them.

■ The test of competence to testify as a witness is the capacity to observe, recollect and communicate. Peo-

246

ple v. Dixon, 22 Ill2d 513, 177 NE2d 224; People v. Lambersky, 410 Ill 451, 102 NE2d 326; Cleary, Handbook of Illinois Evidence, 2nd ed, § 8.2; Guttmacher v. Weifhofen, Psychiatry and The Law, 1952, W. W. Norton & Co.

■ Sanity is not the test of competence to testify as a witness and an insane person may be acceptable as a witness if he has the several capabilities. People v. Enright, 256 Ill 221, 99 NE 936. Persons adjudicated to be feebleminded may be competent to testify, People v. Lambersky, 410 Ill 451, 102 NE2d 326. An idiot may be a competent witness, Truttmann v. Truttmann, 328 Ill 338, 159 NE 775. In Oswald v. Civil Service Commission, 406 Ill 506, 94 NE2d 311, it was held that the trial court, sitting in administrative review, erred in presuming that witnesses adjudicated to be feebleminded were, as a matter of law, incompetent to testify. See also People v. Nash, 36 Ill2d 275, 222 NE2d 473. In Schneiderman v. Interstate Transit Lines, 394 Ill 569, 69 NE2d 293, plaintiff suffered injuries which affected his powers to speak coherently and his capacity to give consistent, intelligent answers. The Supreme Court held that the Appellate Court erred in concluding that his mental condition made him incompetent as a witness, and in refusing to consider his testimony.

In People v. Enright, 256 Ill 221, 99 NE 936, and People v. Dixon, 22 Ill2d 513, 177 NE2d 224, the Supreme Court speaks of this rule for determining the competency of witnesses as applying in the absence of a statute. From the record it appears that the prosecution argued, and the trial court believed, that the Mental Health Code had changed the rule followed by the Supreme Court.

Our search has not disclosed any statute relating to the competency of witnesses to testify because of defects of intellect or mentality, or by reason of adjudication regarding such defects. Chapter 51 (Ill Rev Stats 1965) relates to the competency of witnesses, but has no reference to mental qualifications. Chapter 3, § 112

247

(Ill Rev Stats 1965) defines an incompetent as one incapable of managing his person or estate. Such persons have been held competent to testify as witnesses. Oswald v. Civil Service Commission, 406 Ill 506, 94 NE2d 311; Champion v. McCarthy, 228 Ill 87, 81 NE 808.

The Mental Health Code, chapter 91½, (Ill Rev Stats 1965), does not define the term "legally incompetent." Section 1–8 of the Code defines a "person in need of mental treatment," as is alleged in this petition, as being any person afflicted with mental illness to such an extent that he requires care, treatment or hospitalization for his own welfare, or the welfare of others. Article VIII of the Code provides procedures for hospitalization for mental treatment by court order. Section 8–13 of this Article provides that hospitalization for mental treatment upon court order is not an adjudication of legal incompetency, and shall not deprive a person of his civil rights, or his rights to enter into contractual relationships and to manage his property. It states that admission or hospitalization under this Act does not create any presumption that such person is incompetent, but that a court ordering an initial hospitalization:

> ". . . may consider in addition the question of legal incompetence and may include a specific finding as to the legal competence or incompetence of any person so hospitalized. . . ."

This provision makes no reference to the competency of an individual to testify and is not such a provision as shows legislative intent to alter the Supreme Court rule and standard heretofore discussed. It is, rather, of a nature complementary to proceedings under chapter 3 (Ill Rev Stats 1965), and avoids duplication of proceedings concerning an incompetent's estate.

This interpretation of chapter 91½, § 8–13 (Ill Rev Stats 1965) is not a determination that the allegations of

the petition in this case, i. e., that Hall was in need of mental treatment, or the notice of hearing upon such petition served upon Hall, were sufficient to support the court's finding that Hall was legally incompetent as to his property or other rights referred to in the statute.

■ It is for the trial court to determine the competency of the witness to testify under the standards of capacity to observe, recollect and communicate. People v. Enright, 256 Ill 221, 99 NE 936; Schneiderman v. Interstate Transit Lines, 394 Ill 569, 69 NE2d 293. In People v. Dixon, 22 Ill2d 513, 177 NE2d 224, the trial court conducted appropriate preliminary inquiry to ascertain the ability of the witness measured by such standards.

We have found certain criminal cases wherein it was held proper to permit the reading of testimony into the record where such is done under agreement of the defendant. See Gillespie v. People, 176 Ill 238, 52 NE 250, testimony of witnesses for both the prosecution and the defense; People v. Schultz-Knighten, 277 Ill 238, 115 NE 140, an unsworn statement placed in the record of a coroner's inquest was read into the record by agreement of the parties, and People v. Czajkowski, 342 Ill 144, 173 NE 817. Such authority is limited to instances where there was such an agreement that a waiver of the constitutional right under article II, § 9, existed. The record here contains no waiver of constitutional right by the defendant or his counsel.

In People v. Crump, 5 Ill2d 251, 125 NE2d 615, the court said:

"It is fundamental that both the defendant and the jury should be confronted with the witnesses themselves under oath and have the benefit of both their sworn testimony in chief and under cross-examination."

249

See also People v. Nastasio, 19 Ill2d 524, 168 NE2d 728.  The trial court erred in holding that the finding and order of the Circuit Court of LaSalle County made Hall incompetent as a witness, and in admitting into evidence the transcript of testimony of Hall at the prior trial.

The judgment of the trial court is reversed and the cause remanded for a new trial.

Reversed and remanded.

CRAVEN, P. J. and SMITH, J., concur.