UNITED STATES of America, Plaintiff-Appellee,

v.

John Emery PRONGER, Defendant-Appellant.

No. 13063.

United States Court of Appeals Seventh Circuit.

March 1, 1961.

Count I charged that a co-defendant, Donald Russell Roberts, and Pronger unlawfully received and sold a certain automobile which was moving as a part of interstate commerce, knowing the same to have been stolen, in violation of 18 U.S.C.A. § 2313, while count II charged that the same persons unlawfully transported from Chicago, Illinois, to Gary, Indiana, the said automobile, knowing the same to have been stolen, in violation of 18 U.S.C.A. § 2312.

Pronger made timely objection to the introduction of evidence of a conversation outside of his presence and occurring between Roberts and Alan Kadet, a government witness, whereupon the court told the jury that any such conversation related by the witness could be considered by them as against Roberts and not against Pronger, until they were further instructed.[1]

Pronger contends that the district court erred, when, just before the government rested its case, it admitted this evidence against Pronger.

The content of this conversation is such that if considered by the jury it would undoubtedly have had an effect upon the jury.

The question arises in a case in which government counsel admits in his brief that the evidence as to both defendants was circumstantial except for the testimony of agent Grant whose testimony was never admitted as to Pronger.

Before the court proceeded to instruct the jury on the law, government counsel made a motion that Kadet's testimony as to his conversation with Roberts be admitted as to Pronger. The court remarked that it was his understanding that once there is sufficient evidence to establish a joint enterprise or concerted action of associated persons to accomplish an alleged crime, under those circumstances the alleged con-

Eugene D. Tyler, Hammond, Ind., for appellant.

Kenneth C. Raub, U. S. Atty., Fort Wayne, Ind., Martin H. Kinney and George Vann, Asst. U. S. Attys., Hammond, Ind., for plaintiff-appellee.

Before SCHNACKENBERG and CASTLE, Circuit Judges, and MERCER, District Judge.

SCHNACKENBERG, Circuit Judge.

John Emery Pronger, defendant, has appealed from a judgment of the district court, convicting him on the verdict of a jury, on both counts of an indictment. He was sentenced to 5 years imprisonment on each count to be served concurrently.

1. Pronger also objected at the close of the government's case to the admission of said evidence. The points thus raised were preserved by motions for acquittal at the end of the government's case, and at the end of all of the evidence, as well as by motion for a judgment of acquittal, or, in the alternative, a motion for a new trial after the verdict, all of which were overruled by the district court.

**500**

versation of one alleged conspirator is binding on the alleged conspirators.

Counsel for Pronger suggested to the court that "you should leave to the jury whether or not a common design has been established * * *."

Government counsel urged that the prosecution had shown a common scheme or plan by the evidence itself.

The court then informed the jury "* * * during the course of the trial there was testimony as to some conversations which I instructed you should only be considered as to one or the other of the two defendants.

\* \* \* \* \* \*

"Likewise, a conversation had by the witness Kadet on August 3, 1959, * * * but in any event at the time that Kadet testified that he talked to Roberts; as you will recall, I limited that testimony of that conversation only as to the defendant Roberts. Now you may consider it as to both defendants.

"The question still is, of course, whether or not you find that there was any common design between these two defendants, any common concert of action between the two defendants, with regard to any of the charges that are made in this case. It will be for you to determine, from the evidence, whether or not the defendants are guilty of the charges, beyond a reasonable doubt. But I instruct you that you may consider the limitation that was placed upon the testimony as to these conversations, so far as being limited to one or the other of the defendants as I have indicated, is now removed."

■ In a case such as this a defendant cannot be bound by the acts or declarations of another defendant until the common design or common concert of action between the two defendants and their participation have been established. Glasser v. United States, 315 U.S. 60, 74, 62 S.Ct. 457, 86 L.Ed. 680;

United States v. United States Gypsum Co., D.C., 67 F.Supp. 397, 451; May v. United States, 84 U.S.App.D.C. 223, 175 F.2d 994, 1008.

■■ Whether intentional or not, we believe that the court's remarks had the effect of telling the jury that the government had proved that the common design or common concert of action of Roberts and Pronger, as charged, had been proved. If they did not have that effect, they merely succeeded in confusing the jury. In either event, Pronger was deprived of a fair trial by jury. "A conviction ought not to rest on an equivocal direction to the jury on a basic issue." Bollenbach v. United States, 326 U.S. 607, 613, 66 S.Ct. 402, 405, 90 L.Ed. 350.

For these reasons, the judgment of the district court as to Pronger only is reversed and this cause is remanded to that court for a new trial as to the defendant Pronger.

Reversed and remanded.