William WILLIAMS et al., Plaintiffs-Appellants,

v.

Hon. Carman F. BALL, District Attorney of Erie County, Defendant-Respondent.

No. 430, Docket 27115.

United States Court of Appeals Second Circuit.

Argued Aug. 29, 1961.

Decided Aug. 31, 1961.

Peter L. Parrino (Parrino & Cooper, Peter L. Parrino, Buffalo, N. Y., of counsel, on brief), for plaintiffs-appellants.

John P. Lane, Buffalo, N. Y. (Carman F. Ball, Dist. Atty., of Erie County, John P. Lane, Asst. Dist. Atty., Buffalo, N. Y., of counsel), for defendant-respondent.

Before LUMBARD, Chief Judge, MOORE and FRIENDLY, Circuit Judges.

FRIENDLY, Circuit Judge.

The amended complaint in this action, brought in the District Court for the Western District of New York against the District Attorney of Erie County and other state officers in March, 1961, al-

leged that between January and October, 1959, state officers had obtained orders, under § 813–a of the New York Code of Criminal Procedure and Art. I, § 12, paragraph 2, of the New York Constitution,[1] authorizing the interception of plaintiffs' telephone conversations; that, pursuant to such orders, wire-taps were placed and tape recordings of telephone conversations made; that defendants had divulged to the grand jury of Erie County the contents of conversations so intercepted; and that defendants intended to employ the wire-tapped conversations and information obtained therefrom in the trial of an indictment returned against the plaintiffs by the grand jury. Plaintiffs sought a declaration that § 813–a and Art. I, § 12, paragraph 2, were unconstitutional and an injunction of the state criminal trial *pendente lite*. The answer admitted the interceptions, and the intention to use evidence obtained therefrom at the trial. Plaintiffs moved that the District Judge convene a court of three judges pursuant to 28 U.S.C. § 2281 to consider their complaint and that he enjoin the trial in the meanwhile; Judge Henderson denied the motions. Plaintiffs appealed and moved the District Court for a stay of the trial pending the appeal; this was denied. Later the action was discontinued by stipulation against all the defendants save the District Attorney, who moved for dismissal. His motion was granted, and appeal has been taken therefrom. Appellants having moved this Court for a stay of the trial, now scheduled for September 5, pending appeal, we suggested that the appeals themselves be heard forthwith and the parties have briefed and argued the cases accordingly. We now affirm the orders, thereby rendering the motion for a stay moot.

28 U.S.C. § 2281 requires a court of three judges in the case of "An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute * * * upon the ground of the unconstitutionality of such statute." The District Judge was right in declining to convene such a court, on two independent grounds. No injunction "restraining the enforcement, operation or execution" of a statute was sought; the interceptions that had been authorized under the New York Constitution and statute were not claimed to be continuing, and the New York legislation says nothing as to the use of evidence obtained from interceptions authorized thereby. Moreover, the claim that the legislation contravenes the Fourth or Fifth Amendment to the Federal Constitution was insubstantial in the light of Olmstead v. United States, 1928, 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944, which the Supreme Court has shown no disposition to overrule, Goldman v. United States, 1942, 316 U.S. 129, 135–136, 62 S.Ct. 993, 86 L.Ed. 1322; Silverman v. United States, 1961, 365 U.S. 505, 81 S.Ct. 679, 5 L.Ed.2d 734; and Supreme Court decisions, which we recently reviewed in Bell v. Waterfront Commission, 2 Cir., 1960, 279 F.2d 853, 858–859, make it plain that, whatever might have been thought, a claim of conflict between a state statute and an overriding Federal statute, here § 605 of the Federal Communications Act, 47 U.S.C.A. § 605, is not a claim of "unconstitutionality" within § 2281.

The court was also right in refusing to entertain plaintiffs' request for a judgment, under 28 U.S.C. § 2201, declaring the New York legislation invalid. Even if the court were to determine that issue in plaintiffs' favor,[2] such a decision would not avail them. The wire-tap evidence would still be receivable in the state trial so long as the Supreme Court adheres to the clear holding of Schwartz

1. These are set out in Pugach v. Dollinger, 2 Cir., 1960, 277 F.2d 739, 742, footnote 3.

2. Such a determination might well require resolution of the question, reserved by the Supreme Court in Benanti v. United States, 1957, 355 U.S. 96, 100, 78 S.Ct. 155, 157, 2 L.Ed.2d 126, footnote 5, whether both an interception and a divulgence "are necessary for a violation of § 605."

v. State of Texas, 1952, 344 U.S. 199, 203, 73 S.Ct. 232, 235, 97 L.Ed. 231, "that § 605 applies only to the exclusion in federal court proceedings of evidence obtained and sought to be divulged in violation thereof; it does not exclude such evidence in state court proceedings." We do not read Mapp v. Ohio, 1961, 367 U.S. 643, 81 S.Ct. 1684, as overruling sub silentio Schwartz v. State of Texas—on which six Justices had expressly relied, only four months earlier, in the per curiam affirmance, 1961, 365 U.S. 458, 81 S.Ct. 650, 5 L.Ed.2d 678, of our decision in Pugach v. Dollinger, 2 Cir., 1960, 277 F.2d 739.[3] Under these circumstances the teaching of Coffman v. Breeze Corporations, Inc., 1945, 323 U.S. 316, 65 S.Ct. 298, 89 L.Ed. 264, and Public Service Comm. of Utah v. Wycoff Company, Inc., 1952, 344 U.S. 237, 22 S.Ct. 1074, 96 L.Ed. 1368, cautioning against the use of the declaratory judgment primarily to assist a litigant in a different proceeding, applies *a fortiori*.

There are some intimations in plaintiffs' brief that, quite apart from their request for a declaratory judgment, Pugach v. Dollinger, supra, must be reconsidered in the light of Mapp v. Ohio, supra. We find no basis in Mapp for extending its application to a state's receiving evidence the divulgence of which would violate a Federal statute. What was there banned was a state's receipt of evidence obtained "by way of unconstitutional seizure of goods, papers, effects, documents, etc.," 367 U.S. at page 656, 81 S.Ct. at page 1692, prohibited by the Fourth Amendment as made applicable to the states by the Fourteenth. None of the opinions in Mapp questions the statement in Schwartz v. State of Texas, supra, 344 U.S. at pages 202–203, 73 S.Ct. at page 235, "It will not be presumed that a federal statute was intended to supersede the exercise of the power of the state unless there is a clear manifestation of intention to do so" or the conclusion in Schwartz that § 605 did

not manifest such an intention in the field of evidence. It is unfortunate that Congress has not acted on the many proposals that have been made to deal with the wire-tapping problem; meanwhile we shall adhere to the decision in Pugach unless a higher authority should now will it otherwise.

Affirmed.

---

3. If it did, there would be no need for a declaratory judgment, since plaintiffs would be free to assert their rights in

the state court and ultimately by certiorari from the Supreme Court.