(No. 35530.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALBERT DIXON, Plaintiff in Error.

*Opinion filed September 22, 1961.*

JAY A. SCHILLER, JR., of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and WILLIAM L. CARLIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Defendant, Albert Dixon, waived a jury, was found guilty of the illegal sale of narcotic drugs by the criminal court of Cook County and was sentenced to the penitentiary for a term of not less than ten nor more than fifteen years. He prosecutes this writ of error for review.

The facts in the record present the now commonplace situation where a narcotics addict, in this case Janice Nitti, agreed to assist the police in apprehending a supplier by

making a controlled purchase of drugs. With a police officer listening on an extension, Mrs. Nitti telephoned defendant and asked him to bring her eight "things," (meaning packets of heroin,) to a certain subway station. Thereafter, she was searched, given marked money and was taken to the station where two officers observed as she gave the money to defendant and received a package from him in return. The officers moved in, arrested defendant and found the marked money in his pockets. The package he had delivered to Mrs. Nitti was found to contain packets of powder which both a field test and a laboratory test established was heroin. Defendant testified he had delivered the package at the instance of one McNeary, without knowing what it contained, and denied that he had ever engaged in narcotics traffic or seen Mrs. Nitti before. The latter, however, testified she had purchased narcotics from defendant two or three times a day for a period of two months immediately prior to his arrest.

After the foregoing incident, it appears that Mrs. Nitti was voluntarily committed to a State Hospital for a 90-day treatment of her addiction. Five weeks later, defendant was tried and Mrs. Nitti was brought from the hospital and permitted to testify over defendant's objection that her status as a patient in a mental hospital raised a presumption that she was incompetent to testify. Although no authority is cited, this contention is renewed in this court and defendant insists that the testimony of such witness must be disregarded.

The test of the competency of a witness is one of intelligence and understanding, (*People* v. *Mueller*, 2 Ill.2d 311,) and, in the absence of statute, one mentally affected or ill is not incompetent if he undertands the nature of an oath, and has sufficient mental power to give a correct account of what he has seen and heard. (*People* v. *Enright*, 256 Ill. 221; see: Wigmore on Evidence, 2 ed. sec. 501.) As to narcotics addicts, a habitual user of drugs is

not rendered incompetent unless his mental capacity is impaired to such an extent that he cannot meet the qualifications of a witness. (Conrad, Modern Trial Evidence, vol. 2, sec. 1045; *Gullickson* v. *State,* 256 Wis. 407, 41 N.W.2d 291; *Commonwealth* v. *Aikens,* 179 Pa. Super, 501, 118 A.2d 205.) If a witness has the capacity to observe, recollect and communicate he is competent, and his mental deficiency is considered only insofar as it affects the credit to be given his testimony. (*People* v. *Lambersky,* 410 Ill. 451.) In the instant case, when defendant's objection was made, an exhaustive preliminary inquiry was made into the witness's health, habits, education and background, which reveals beyond question her intelligence and understanding, as well as her capacity to recollect and communicate. Under the circumstances defendant's claim that she was incompetent to testify is without merit.

It is next contended that the action of the police in monitoring Mrs. Nitti's phone call to defendant was a violation of the electronics eavesdropping statute, (Ill. Rev. Stat. 1959, chap. 38, par. 206.1 *et seq.,*) which made the officer's testimony concerning the conversation inadmissible. The statute by its own terms, however, relates only to the use of "any device employing electricity" to hear or record all or any part of an oral conversation "without consent of any party thereto." Here no such device was used and, since she was cooperating with the police, it would seem that Mrs. Nitti consented to the officer's action. Moreover, it has been expressly held under the comparable Federal statute that the monitoring of a conversation on an extension telephone does not constitute an interception of the conversation or the use of a device employing electricity to hear a conversation. *Rathbun* v. *United States,* 355 U.S. 107, 111, 2 L. ed. 2d 134, 137-138; *Ladrey* v. *Commission on Licensure to Practice Healing Art,* (D.C. cir.) 261 F.2d 68.

Complaint is next made that it was prejudicial error to

permit the People to cross-examine defendant concerning his own use of narcotics. This contention has been decided adverse to defendant's position in *People* v. *Crump,* 5 Ill.2d 251, where, after a full consideration of the matter, we concluded, it was proper to cross-examine a witness concerning his drug addiction as a matter affecting his credibility. Here the defendant denied that he had ever had anything to do with the illegal traffic in drugs and thereby placed his credibility in issue. The ensuing questions which dealt with his own addiction, and his admission of that addiction to the police, did no more than go to such issue and the evidence was expressly received by the court only for such purpose.

For his final contention defendant asserts his guilt was not established beyond a reasonable doubt because the prosecution failed to prove he intended to sell a narcotic drug, and because the testimony of Mrs. Nitti was unsatisfactory and unconvincing. Neither contention has merit. As to the latter, the police officers who witnessed the transaction at the subway station not only saw the crime committed, but fully corroborated the testimony of Mrs. Nitti. As to the former, Mrs. Nitti telephoned defendant, she recognized his voice, identified him as the man from whom she had been purchasing narcotics for two months, and we have the circumstances, not satisfactorily refuted by defendant, that it was he who appeared with the narcotics in response to the call. We conclude that the evidence of guilt was clear and convincing and affords no basis for us to disturb the finding of the trial court. Cf. *People* v. *Aldridge,* 19 Ill.2d 176; *People* v. *Scales,* 18 Ill.2d 283.

Our review of the record satisfies us that there was sufficient evidence of defendant's guilt and that he received a fair trial, free from prejudicial error. The judgment of the criminal court of Cook County is therefore affirmed.

*Judgment affirmed.*