Emanuel **LEBOWICH**, Plaintiff-Appellant,

v.

Frank D. **O'CONNOR**, individually, and as District Attorney of Queens County, State of New York, and Stephen P. Kennedy, individually, and as Police Commissioner of the City of New York, State of New York, Defendants-Appellees.

No. 311, Docket 27230.

United States Court of Appeals Second Circuit.

Argued April 30, 1962.

Decided Sept. 20, 1962.

W. A. Newcomb, New York City, for appellant.

Louis J. Lefkowitz, Atty. Gen., of the State of New York (Paxton Blair, Sol.

Gen., Irving Galt, Asst. Sol. Gen., Philip Kahaner, Asst. Atty. Gen., of counsel), for appellee Frank D. O'Connor.

Before WATERMAN, MOORE and FRIENDLY, Circuit Judges.

WATERMAN, Circuit Judge.

Appellant is a defendant in a criminal case now pending in the County Court of Queens County, New York, under an indictment charging him with having committed the state crimes of performing abortions and of commiting second degree assaults with intent to perform abortions. He brought the present action in the United States District Court for the Eastern District of New York seeking to have that federal court enjoin appellee O'Connor, the New York State District Attorney for Queens County, from making an offer at the state criminal trial to divulge the evidence his office admitted had been obtained through a wiretap on appellant's telephone. Stephen P. Kennedy, also an appellee in the present case, was Police Commissioner of New York City at the time of the wiretapping, and City police officers admittedly assisted the prosecuting officers in this wiretapping.

However, after the United States Supreme Court rendered its decision in Pugach v. Dollinger, 365 U.S. 458, 81 S.Ct. 650, 5 L.Ed.2d 678 (1961) per curiam), in which the Court affirmed our *in banc* decision refusing to enjoin a New York State district attorney from making offers to divulge wiretap evidence as part of the State's proof in a New York criminal case, 277 F.2d 739 (2 Cir. 1960), appellant amended his prayer for relief so as to seek a declaratory judgment that the appellees had violated their oaths of office to support the Constitution of the United States. He alleged the oaths had been violated when Section 605 of the Federal Communications Act of 1934, 47 U.S.C.A. § 605, had been violated by the

placing of taps upon appellant's telephone wire for the purpose of intercepting communications made over said wire and divulging the contents or substance of the same, without being so authorized by the senders of such communications; and by divulging the information acquired by those wiretaps to the Queens County Grand Jury that had indicted appellant. Further, a judgment was sought declaring that any divulgence in the future at appellant's trial of the contents of the wiretapped communications, or the introduction of evidence the fruits of the wiretapping, will violate appellees' oaths of office.[1]

Appellant moved for a summary judgment in the district court which the court denied. Instead, the court granted motions filed by the appellees praying to have the amended complaint dismissed for failure to state a claim upon which relief could be granted. Also, the court denied a motion of appellant to substitute as a party-defendant in place of appellee Kennedy one Michael J. Murphy, who had succeeded Kennedy as Police Commissioner of New York City.

■■ We affirm the district court's order dismissing the complaint. It is within the discretion of the district court to decline to exercise its jurisdiction to grant declaratory relief. 28 U.S.C. § 2201 (1958); Public Service Commission of Utah v. Wycoff Co., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952); cf. Alabama State Federation of Labor v. McAdory, 325 U.S. 450, 462, 65 S.Ct. 1384, 89 L.Ed. 1725 (1945). In Brillhart v. Excess Insur. Co., 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), the Supreme Court stated:

"Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, [28 U.S.C.A. § 400] it was under no compulsion to exercise that jurisdic-

---

1. The oath of office prescribed for New York State Public Officers is found in the Constitution of the State of New York, Article XIII, Section 1. It reads:
"I do solemnly swear (or affirm) that I will support the constitution of the

United States, and the constitution of the State of New York, and that I will faithfully discharge the duties of the office of .............., according to the best of my ability."

tion. The petitioner's motion to dismiss the bill was addressed to the discretion of the court."

Appellant disclaims any intention of attempting to use the declaratory judgment he here seeks as a ground for supporting a subsequent pre-trial motion designed to prevent any offer by the District Attorney to introduce into evidence at appellant's New York State trial the evidence the District Attorney's office admits was procured by wiretapping. Appellant realizes such an attempt on his part would be futile. See Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951); Schwartz v. Texas, 344 U.S. 199 (1952); Pugach v. Dollinger, 277 F.2d 739 (2 Cir. 1960) aff'd per curiam, 365 U.S. 458, 81 S.Ct. 650, 5 L.Ed.2d 678 (1961); Williams v. Ball, 294 F.2d 94 (2 Cir. 1961), cert. denied, 368 U.S. 990, 82 S.Ct. 598, 7 L.Ed.2d 526 (1962). Appellant will be standing trial

in a state court, not in a federal one, and even after the clear enunciation by the U. S. Supreme Court that a federal crime is committed when § 605 is violated, the New York State Court of Appeals has held, although by a sharply divided court, 4–3, that the contents of telephone conversations learned through wiretap eavesdropping by officers authorized to wiretap by orders granted under Article I, Section 12 of the New York State Constitution and Section 813–a of the New York Code of Criminal Procedure are not inadmissible in New York State criminal trials. People v. Dinan, 11 N.Y. 2d 350, 229 N.Y.S.2d 406, 183 N.E.2d 689 (1962), cert. den. 83 S.Ct. 146. But see Fuld, J., dissenting, 11 N.Y.2d 350, 354, 229 N.Y.S.2d 410, 411, 183 N.E.2d 689.[2] Thus appellant's disclaimer is well founded.

Appellant is now merely seeking that a federal court declare that the appellees have violated the oaths of office

2. Art. I, § 12 of the New York Constitution reads as follows:

[Security against unreasonable searches, seizures and interceptions.] "§ 12. The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

"The right of the people to be secure against unreasonable interception of telephone and telegraph communications shall not be violated, and ex parte orders or warrants shall issue only upon oath or affirmation that there is reasonable ground to believe that evidence of crime may be thus obtained, and identifying the particular means of communication, and particularly describing the person or persons whose communications are to be intercepted and the purpose thereof. Adopted by the Constitutional Convention of 1938; approved by vote of the people Nov. 8, 1938."

The pertinent sections of the New York Code of Criminal Procedure read as follows:

"§ 813-a. Ex parte order for eavesdropping

"An ex parte order for eavesdropping as defined in subdivisions one and two of section seven hundred thirty-eight of the penal law may be issued by any justice of the supreme court or judge of a county court or of the court of general sessions of the county of New York upon oath or affirmation of a district attorney, or of the attorney-general or of an officer above the rank of sergeant of any police department of the state or of any political subdivision thereof, that there is reasonable ground to believe that evidence of crime may be thus obtained, and particularly describing the person or persons whose communications, conversations or discussions are to be overhea[r]d or recorded and the purpose thereof, and, in the case of a telegraphic or telephonic communication, identifying the particular telephone number or telegraph line involved. In connection with the issuance of such an order the justice or judge may examine on oath the applicant and any other witness he may produce and shall satisfy himself of the existence of reasonable grounds for the granting of such application. Any such order shall be effective for the time specified therein but not for a period of more than two months unless extended or renewed by the justice or judge who signed and issued the original order upon satisfying

which they took when they assumed their non-federal offices. If we should so declare, such an order would not be determinative of any controversy to which appellant is a party and would be valueless to appellant, cf. Williams v. Ball, supra. Therefore, we seriously question whether appellant presented to the court below an actual controversy as required by the U. S. Constitution, Art. III, § 2, and the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201–02 (1958). See Coffman v. Breeze Corps., 323 U.S. 316, 65 S.Ct. 298, 89 L.Ed. 264 (1945). A dispute of a hypothetical, abstract, or academic nature is not a justiciable controversy. For an issue to be justiciable it must be definite and concrete, must touch the legal relations of the parties, and must be subject to a judicial grant of a specific relief through a court decree of a conclusive character, Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239–241, 57 S.Ct. 461, 81 L.Ed. 617 (1937); and see Maryland Cas. Co. v. Pacific Coal & Oil

Co., 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941). Faced with these considerations, prerequisite to a grant of appellant's prayer, the district court acted properly when it decided not to entertain this declaratory judgment action.

Furthermore, we fail to see any substantial distinction between the present case and our recent decision in Williams v. Ball, 294 F.2d 94 (2 Cir. 1961), cert. denied, 368 U.S. 990, 82 S.Ct. 598, 7 L.Ed.2d 526 (1962). In that case we affirmed the district court's dismissal of an action seeking a federal declaratory judgment that the New York constitution and statutes which authorized wiretaps were invalid.

In the light of the decision which we reach above it is unnecessary to discuss the denial of appellant's motion to substitute the present Police Commissioner for the former one as a party-defendant, and we affirm that denial.

The court below is affirmed.

himself that such extension or renewal is in the public interest. Any such order together with the papers upon which the application was based, shall be delivered to and retained by the applicant as authority for the eavesdropping authorized therein. A true copy of such order shall at all times be retained in his possession by the judge or justice issuing the same, and, in the event of the denial of an application for such an order, a true copy of the papers upon which the application was based shall in like manner be retained by the judge or justice denying the same."

"§ 813–b. Eavesdropping by law enforcement officers without court order under certain circumstances

"Orders for eavesdropping as set forth in section eight hundred thirteen-a of this code must be obtained before the eavesdropping commences, except as hereinafter in this section provided. A law enforcement officer may eavesdrop as described in subdivision two of section seven hundred thirty-eight of the penal law without a court order obtained pursuant

to section eight hundred thirteen-a of this code only when he has reasonable grounds to believe (1) that evidence of crime may be thus obtained, and (2) that in order to obtain such evidence time does not permit an application to be made for such a court order before such eavesdropping must commence. In any such case an application for a court order pursuant to section eight hundred thirteen-a of this code must be made within twenty-four hours after such eavesdropping commenced. In computing said twenty-four hour period legal holidays shall not be considered. The application for such a court order must contain, in addition to the requirements set forth in section eight hundred thirteen-a of this code, the time when such eavesdropping commenced. If such application is granted, the order shall be made effective from the time the eavesdropping commenced. If the application is denied, the eavesdropping must cease immediately. Any violation of this section, shall be a felony punishable by imprisonment for not more than two years."