**UNITED STATES of America ex rel. Albert DIXON, Petitioner-Appellant,**

v.

**Frank J. PATE, Warden, Illinois State Penitentiary, Joliet, Illinois, Respondent-Appellee.**

No. 14287.

United States Court of Appeals Seventh Circuit.

April 9, 1964.

Albert Dixon, John E. Coons, Chicago, Ill., for appellant.

William G. Clark, Atty. Gen. of Illinois, Chicago, Ill., for appellee, William C. Wines, Richard A. Michael, Asst. Attys. Gen., of counsel.

Before DUFFY and KNOCH, Circuit Judges, and MERCER, District Judge.

MERCER, District Judge.

Petitioner was convicted in the Criminal Court of Cook County, Illinois, of the offense of the unlawful sale of narcotic drugs. His conviction was affirmed by the Illinois Supreme Court. People v. Dixon, 22 Ill.2d 513, 177 N.E.2d 224, cert. denied Dixon v. Illinois, 368 U.S. 1003, 82 S.Ct. 637, 7 L.Ed.2d 542. Petitioner then filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Illinois, and this appeal is prosecuted to review an order of that court dismissing his petition.

The facts upon which the habeas corpus petition is based possess one aspect of the familiar informer situation. A narcotics addict, Janice Nitti, was arrested and held in custody by the Chicago police for the possession of narcotic drugs. While so held, she agreed to help the police to apprehend a supplier by making a controlled purchase of drugs. With a police officer listening to her conversation on an extension phone, Mrs. Nitti telephoned petitioner and asked him to deliver a quantity of heroin to her at a specified subway station.[1] The sale arranged through that telephone conversation was consummated while police officers waited in the background. Petitioner was taken into custody immediately after that sale was consummated. An analysis of the contents of packets delivered by petitioner to Mrs. Nitti disclosed that the packets contained heroin. At the subsequent trial of petitioner for the sale of narcotics, the police officer who had overheard the telephone conversation was permitted to testify as to the fact and content thereof.

---

1. Mrs. Nitti testified at petitioner's trial that she had purchased narcotics from petitioner daily "for a period of two months immediately prior to his arrest." People v. Dixon, supra, 177 N.E.2d at 225.

Petitioner contends that the disclosure of the telephone conversation was a violation of the Federal Communications Act, 47 U.S.C. § 605,[2] which denied to him due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States.

■ Petitioner's contention that the stated facts give rise to a constitutional question is contrary to settled principles of constitutional law.

In Olmstead v. United States, 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944, the Court determined that the use of evidence obtained by wire tapping was not a violation of the Constitution.

Following the Olmstead decision, Congress enacted Section 605. Thereafter the Court held that that statute prohibits the use in the federal courts of evidence obtained in violation of its provision. Nardone v. United States, 302 U.S. 379, 58 S.Ct. 275, 82 L.Ed. 314. That decision, however, rested upon an interpretation of the federal statute as imposing a barrier to the use of such evidence in the federal courts, not upon a holding that the use of such evidence infringed the Constitution. In Schwartz v. Texas, 344 U.S. 199, 73 S.Ct. 232, 97 L.Ed. 231, the court held that that exclusionary rule would not be applied to prohibit the introduction in state criminal prosecutions of evidence obtained in violation of Section 605. As recently as 1961, the Court reaffirmed the authority of Schwartz by its per curiam opinion affirming Pugach v. Dollinger, 365 U.S. 458, 81 S.Ct. 650, 5 L.Ed.2d 678.

Petitioner's constitutional argument is based principally upon the assertion that the Schwartz case was overruled, sub silencio, by the decision in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081. There is no merit to the argument; in Mapp, the Court overruled Wolf v. People of State of Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782, and held that all evidence obtained by a search and seizure in violation of the Constitution is inadmissible in a state court proceeding. Thus Mapp requires the exclusion of evidence obtained in violation of the Constitution, but that decision cannot be interpreted as imposing a like exclusionary rule upon evidence obtained in violation of a federal statute, as distinguished from the Constitution. Williams v. Ball, 2 Cir., 294 F.2d 94, 95–96.

If we assume that there was a violation of the statute in this case, there was no denial of due process of law.

■ We think it clear that there was no violation of Section 605 in this case. The case is factually similar to Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134. In that case, the petitioner made a threatening telephone call to one Sparks. In anticipation that further calls might be made, Sparks requested the city police to overhear any subsequent conversation. When petitioner made a second call, two policemen listened to that conversation upon a regularly installed extension phone in the Sparks home. Petitioner was then convicted of the offense of transmitting an interstate communication which threatened the life of another person. That conviction was affirmed, the Court holding that there was no interception of the conversation within the intendment of Section 605.

Petitioner argues that Rathbun is not applicable to the facts of this case because the call here in issue was initiated by a person other than the person against whom the evidence was used. The distinction contended for is negatived by the opinion in Rathbun. Thus the Court said:

" * * * Each party to a telephone conversation takes the risk that the other party may have an extension telephone and may allow

2. " * * * [N]o person not being authorized by the sender shall intercept any communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person; * * *." 47 U.S.C. § 605.

another to overhear the conversation. When such takes place there has been no violation of any privacy of which the parties may complain. Consequently, one element of Section 605, *interception,* has not occurred." 355 U.S. at 111, 78 S.Ct. at 164, 2 L.Ed.2d 134. (Emphasis by the Court.)

We have held that the Rathbun rule applies to informer-originated telephone calls. United States v. Williams, 7 Cir., 311 F.2d 721. In that case, an informer had a number of telephone conversations with Williams which were overheard and recorded by a narcotics agent by the use of an induction coil connected to a tape recorder. The agent was permitted, over objection, to testify to the content of those telephone conversations and to refresh his recollection of the conversations by the use of a memorandum prepared from the tape recorded reproduction thereof. We held that there was no interception of the communications within the intendment of the statute because one of the parties thereto had consented to allow the agent to overhear and record the same. Cf. United States v. White, 7 Cir., 228 F.2d 832; United States v. Bookie, 7 Cir., 229 F.2d 130; Flanders v. United States, 6 Cir., 222 F.2d 163. The same result has been reached in several other courts which have considered this question subsequent to the Rathbun decision. Wilson v. United States, 9 Cir., 316 F.2d 212; Carbo v. United States, 9 Cir., 314 F.2d 718; Ferguson v. United States, 10 Cir., 307 F.2d 787, cert. granted, 374 U.S. 805, 84 S.Ct. 479, 11 L.Ed.2d 413; Hall v. United States, 5 Cir., 308 F.2d 266, cert. denied, 371 U.S. 952, 83 S.Ct. 507, 9 L.Ed.2d 500; Ladrey v. Commission, 104 U.S.App.D.C. 239, 261 F.2d 68.

Petitioner earnestly argues that there was no consent by Mrs. Nitti that this telephone conversation be overheard. He emphasizes her position as a narcotics addict in the custody of the police, and asserts that, under those circumstances, she had no choice in the matter as to whether or not she would make the telephone call; and that, therefore, there was no consent by either party that the conversation be overheard. Adherence to that theory would require us to assume facts which are not proved, inasmuch as there is no suggestion of record that coercive practices were employed against Mrs. Nitti. We may assume that the police suggested that the call be made, but that fact standing alone does not negative consent. We will not attach a condition for the disclosure of the content of telephone communications made by a person while in the custody of the police that such person must have volunteered to make the call before it can be found and held that he had consented that his conversation might be overheard by the police.

We express our gratitude to Professor John E. Coons who represented the petitioner on this appeal by appointment of this court and we commend him for his able presentation of petitioner's case.

The judgment is affirmed.