UNITED STATES of America, Respondent-Appellee,

v.

John CAMPBELL, Petitioner-Appellant.

No. 14493.

United States Court of Appeals Seventh Circuit.

Oct. 9, 1964.

Rehearing Denied Nov. 3, 1964.

Certiorari Denied Jan. 18, 1965.

See 85 S.Ct. 694.

Chester A. Lizak, Chicago, Ill., and John Campbell, pro se, for appellant.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., John Powers Crowley, Douglas G. Brown, Asst. U. S. Attys., of counsel, for appellee.

Before HASTINGS, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

HASTINGS, Chief Judge.

Petitioner John Campbell appeals from the denial of a motion filed pursuant to 28 U.S.C.A. § 2255 to vacate the prison sentence he is now serving.

He was convicted under 21 U.S.C.A. § 174 of receiving, concealing and facilitating the importation of a narcotic

drug previously imported into the United States contrary to law, knowing the same to have been unlawfully imported. The judgment of conviction was appealed to this court and affirmed. United States v. Campbell, 7 Cir., 282 F.2d 871 (1960).

Petitioner filed two motions under § 2255 prior to the one now under consideration. The first motion requested leave to sue *in forma pauperis* and for appointment of counsel. The *forma pauperis* motion was granted but appointment of counsel was denied. The district court then denied his § 2255 motion. This court denied his motions to appeal *in forma pauperis* and for appointment of counsel, the district court having certified that the appeal was not taken in good faith. The Supreme Court denied certiorari. 369 U.S. 825, 82 S.Ct. 840, 7 L.Ed.2d 789 (1962).

Petitioner's second § 2255 motion was denied, without hearing and without counsel, by the district court on the ground that it raised substantially the same issues as did the first § 2255 motion. We granted petitioner leave to appeal *in forma pauperis* and appointed counsel for him. Petitioner contended on appeal that the district court's refusal to appoint counsel for him was reversible error.

On March 18, 1963, this court filed a unanimous opinion affirming the district court's denial of petitioner's second § 2255 motion. However, on rehearing in light of the ruling of the Supreme Court

in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), by a divided court we reversed the decision of the district court and held that petitioner was entitled to appointment of counsel in his first § 2255 proceeding and remanded with directions to reconsider such petition as an original petition under § 2255. Campbell v. United States, 7 Cir., 318 F.2d 874 (1963).

On September 16, 1963, petitioner filed the instant motion under § 2255 which the district court denied.

On appeal, petitioner contends that certain evidence admitted against him at the trial was obtained in violation of Section 605 of the Federal Communications Act, 47 U.S.C.A.[1] The evidence in question was obtained in the following manner.

At about 11:00 a.m. on March 21, 1959, Leon Morris, a treasury agent with the Bureau of Narcotics, arrested Eugene Baker. Morris talked with Baker for about five hours and Baker agreed to become a special employee of the government without remuneration. Baker, at Morris' direction, placed a telephone call to petitioner at about 4:00 p.m. of the same day. Morris advised Baker what to say to petitioner. Baker held the telephone away from his ear so that Morris could hear the conversation between Baker and petitioner.

Morris testified at the trial concerning this telephone conversation.[2]

---

1. Section 605 states in pertinent part:
"* * * [N]o person not being authorized by the sender shall intercept any communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person; and no person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by wire or radio and use the same or any information therein contained for his own benefit or for the benefit of another not entitled thereto * * *."

2. "Q. Please give us first the conversation that took place approximately 4:00 p.m., March 21st, 1959.
"A. A male voice answered the telephone after I dialed Vi-6-2034 and asked

'Who is this?' Baker answered the telephone and he said, 'This is Pops.' The male voice said 'You would have to call me when I was taking a shower. Are you in trouble?' Baker answered 'No.' The male voice said, 'Well, are you ready to do business now?' Baker said, 'Yes.' The male voice said, 'Well, Pops, I have a bag here just like I got it from the man. Do you want it like that? You won't get as much stuff but I'll tell you exactly what to do with it to make it come out exactly like you've been getting it.'
"I had a conversation with Baker, and Baker answered 'No, Snooks, I would rather get it like I been getting it.' The male voice said, 'Okay, Pops, that's all right with me, but it'll take me longer. I can give you this right now.' Pops said

At about 6:45 p. m. of the same day petitioner called Baker. Morris overheard the ensuing conversation and testified as to what he heard.[3]

Petitioner contends Baker did not *voluntarily* consent to Morris' listening to these telephone conversations. He argues that the testimony concerning the contents of these conversations was improperly admitted into evidence, being in violation of § 605 of the Act, supra.

■ Cases interpreting § 605 have held that evidence obtained in violation of its proscriptions is not admissible in criminal trials in federal courts, Benanti v. United States, 355 U.S. 96, 78 S.Ct. 155, 2 L.Ed.2d 126 (1957); Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307 (1939); and that it applies to intrastate telephone communications, Weiss v. United States, 308 U.S. 321, 329, 60 S.Ct. 269, 84 L.Ed. 298 (1939). However, § 605 is not applicable if a person monitors a communication with the consent of one of the communicating parties. Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134 (1957).

In support of his argument that Baker did not "voluntarily" consent to Morris' listening to the conversation in question, petitioner states that, "At about 11:00 a. m. on March 21, 1959, Eugene Baker was arrested, interrogated for five hours, requested to make a telephone call, and advised what to say during the ensuing conversation. To maintain that the consent to intercept under such circumstances was voluntary would indeed tax judicial credulity."

'No, I would rather have it like I've been getting it.'
"The male voice said, 'Well, I tell you what, Pops, when it gets good and dark I'll call you. Will you be at home?' Baker said, 'Yes, I'll be here to get your call.' "

3. "Q. Now later on at about 6:45, you said you overheard another telephone conversation?
"A. Yes, sir.
"Q. At this time what did Baker say and what did John Campbell say?
*     *     *     *     *

In support of this argument petitioner cites Weiss v. United States, supra. In Weiss, telephone messages were intercepted and recorded by means of wire taps without the knowledge or consent of the parties to the communications. Four of the defendants, who were parties to these communications, were confronted with the recordings and promised leniency if they would plead guilty and testify for the Government by reading typed transcripts of the recorded conversations to the jury.

The Supreme Court, in holding the telephone communications inadmissible into evidence, said, "The Act contemplates voluntary consent and not enforced agreement to publication. *The participants were ignorant of the interception of the messages* and did not consent thereto. * * * [T]he so-called authorization consisting of the agreement to turn state's evidence by some of the defendants *after they had been apprized of the knowledge of their communications by the Government's representatives, and in the hope of leniency*, was not that intended or described by the statute * * *." (Emphasis added.) Id. at 330, 331, 60 S.Ct. at 272, 273.

The instant case is distinguishable from Weiss in that Baker gave his consent *before* the communication took place and petitioner does not assert that Baker was promised leniency in return for permitting Morris to monitor the conversation.

■■ The burden is on petitioner to demonstrate that § 605 was violated.

"A. The telephone rang, Eugene Baker answered the telephone and the male voice said, 'Pops, I'm ready. Come on over to 72nd and Perry at 8:00 o'clock.' Eugene Baker said, 'Well, what's the point of the unusual routine?' He said, 'Well, you know I can't go through certain districts. You come on over to 72nd and Perry at 8:00 o'clock and I'll meet you there.' And Eugene Baker answered 'Okay, 72nd and Perry at 8:00 o'clock.' The male voice said, 'Yes, and, by the way, you needn't bring the money,' he says 'I'll pick it up some other time.' "

See Nardone v. United States, 308 U.S. 338, 341, 60 S.Ct. 266, 84 L.Ed. 307 (1939). Petitioner has shown that Baker was arrested by Morris and that Morris talked with him for about five hours, requested that he make a telephone call to petitioner and advised him what to say during the call. This evidence is not sufficient to establish that Baker's consent was involuntary.

In United States v. White, 7 Cir., 228 F.2d 832 (1956), in an opinion by Judge Schnackenberg, we held that the provisions of § 605, supra, were inapplicable under circumstances similar to the case at bar, stating on page 835 that "[W]e are of the opinion that where, by means of an extension phone, or other device, a third party 'listens in' on a telephone conversation with the consent of one of the parties to the conversation, there is no interception of the communication, within the meaning of the statute." In so doing, we followed Flanders v. United States, 6 Cir., 222 F.2d 163, 167 (1955) and Pierce v. United States, 6 Cir., 224 F.2d 281 (1955).

We again considered this question in United States v. Bookie, 7 Cir., 229 F.2d 130, 132 (1956) and, relying on Goldman v. United States, 316 U.S. 129, 62 S.Ct. 993, 86 L.Ed. 1322 (1942), reached the same result.

In United States v. Williams, 7 Cir., 311 F.2d 721, 725 (1963), we held that the testimony of an eavesdropping agent was not subject to statutory infirmity because of § 605 or violative of any constitutional safeguard and was admissible, relying further upon Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134 (1957).

Finally, consistent with the foregoing precedent, we again affirmed this principle in United States ex rel. Dixon v. Pate, 7 Cir., 330 F.2d 126 (1964).

We hold that the district court did not err in admitting in evidence the challenged testimony of Agent Morris.

Mr. Chester A. Lizak, of the Chicago Bar, represented petitioner on this appeal by appointment of our court. We thank him for his able presentation.

The order of the district court denying petitioner's motion to vacate his sentence is affirmed.

Affirmed.