**The People of the State of Illinois, Plaintiff-Appellee, v. Ernest Rhodes, Defendant-Appellant.**

Gen. No. 10,684.

Fourth District.

May 25, 1966.

John Unger, of Danville, for appellant.

John P. O'Rourke, State's Attorney, of Danville, for appellee.

SMITH, J.

█ The only point urged for reversal is the interdiction of the Eavesdropping Act. What happened was that while defendant was being interrogated in one part of the police station, an intercom system picked up and transmitted the conversation to the Chief's office, where a person, who had been receiving telephone calls demanding money or else, identified defendant's voice as his caller. When this proof of identification was offered at the trial, no objection was made, and the People point to this as barring our review. To avoid this hurdle, defendant argues that his counsel was incompetent in not objecting, thus, making the point reviewable. This is correct, if true.

█ In deciding whether such is true, we can if we want, consider the eavesdropping point, for the absence of an objection is pointed to as one of the indicia of incompetency. As it needs must be on this issue, the entire record is before us, and, hence, we can come to our own determination by reading it. We have done so, and we do not agree with defendant that he was incompetently

defended. Defendant's counsel was of his own choosing, and while this does not bar him from raising the point, it is persuasive. In our opinion, a reading of the record indicates competency of a high order.

██ In coming to this conclusion, we *did* consider the eavesdropping point. Of course, the question is not so much whether an objection should have been made—lawyers are always objecting—but whether the objection, if it had been made, would have been, as Judges say, "well taken." The Eavesdropping Act, § 14–1 et seq., c 38, Ill Rev Stats 1963, renders inadmissible evidence obtained by use of an eavesdropping device, *"without the consent of any party thereto,"* and an eavesdropping device is defined as any device capable of being used to overhear an oral conversation. At the time of trial, the italicized phrase had been interpreted to mean that if one conversant gave his consent, the bar of the act was lifted or avoided or denied—take your choice—as to his antiphonal. People v. Dixon, 22 Ill2d 513, 177 NE2d 224. Accordingly, any objection at that time would have been overruled, this for the very simple reason that defendant's antiphonal had necessarily consented to the eavesdrop. We must assume that his counsel was familiar with Dixon and considered an objection unworthy of his attention, and indeed, fruitless. Why, indeed, object when Dixon clearly held that if *any* party gave his consent the act would not apply. It was not for counsel to anticipate via an objection that the trial court was going to gainsay the Supreme Court and overrule Dixon. That prerogative, as we all know, rests with that court.

Recently our Supreme Court opted, and in People v. Kurth, et al., 34 Ill2d 387, 216 NE2d 154, Dixon was overruled, and the italicized phrase construed to mean that eavesdrop evidence could *not* be used against any party who had not given his consent. We are not going to equate competency with divination!

█ But we can't stop there, even though it might look like we should, because Kurth was handed down while this opinion, so to speak, was in gestation, and as we understand the law, it is binding on us, certainly prospectively, and for all we know, retrospectively, but that problem is not before us, although it might seem so. While this statement might seem somewhat outlandish, application here of the Kurth ruling is really no different and no more smacking of retrospectivity, than according to Messrs. Kurth, et al. the benefit of the Kurth ruling— new trials, with no eavesdrop evidence this time. This, for the reason that the present matter has not been legally concluded—it is here on direct review, with possibly more stops before it reaches its legal end. A new ruling impinges on all cases pending on direct review, or for that matter just plain pending, excluding, of course, collateral attacks.

Accordingly, since this is no problem of retrospectivity, we can eschew the labyrinthine policy considerations which dictate whether or not a new ruling should be retroactively applied. See Linkletter v. Walker, 14 L Ed2d 601, and Tehan v. Shott, 15 L Ed2d 453. In support of our position, we quote from footnote 3 of Tehan, "Nor is there any question of the applicability of the Griffin rule to cases still pending on direct review at the time it was announced." O'Conner v. Ohio, 15 L Ed2d 337 is cited, and a more startling illustration of the workings of this rule would be hard to imagine—the Griffin rule [prohibiting adverse comment on a defendant's failure to testify] was announced while his petition for rehearing [on denial of certiorari] was pending in the U. S. Supreme Court, whereupon the court allowed the petition, vacated his conviction and remanded the same to Ohio for further proceedings, which was really being "plucked [as a firebrand] out of the burning." See Bovey v. Grandsinger, 253 F2d 917.

153

■ Of course, nobody can seriously argue that we cannot consider Kurth because the point was not preserved for review, since we have just held that preserving such point, where the law was well settled, would have been futility in action. Kurth renders the eavesdrop evidence in this case excludable and we will exclude it, and then ask ourselves, can the conviction still stand? We think it can, because there was other proof of voice identification more than sufficient to bottom the verdict and judgment appealed from. The eavesdrop evidence was not of a character that is inherently inflammatory or prejudicial, hence we can safely characterize it as cumulative. The victim identified defendant's voice at a "line-up," and there was circumstantial evidence otherwise that he had made the "or else" calls to the victim. No good purpose would be served by remanding for a new trial, where the result reached is, in our opinion, correct. Accordingly, the judgment is affirmed.

Affirmed.

TRAPP, P. J. and CRAVEN, J., concur.