**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**William MARTIN and Prince Parker,**
**Defendants-Appellants.**

**No. 15541.**

United States Court of Appeals
Seventh Circuit.

Jan. 23, 1967.

Rehearing Denied March 9, 1967.

Richard E. Gorman, John Powers Crowley, Chicago, Ill., for appellants.

Edward V. Hanrahan, U. S. Atty., Lawrence Jay Weiner, Chicago, Ill., for appellee. John Peter Lulinski, Asst. U. S. Atty., of counsel.

Before HASTINGS, Chief Judge, DUFFY, Senior Circuit Judge, and KILEY, Circuit Judge.

DUFFY, Senior Circuit Judge.

The indictment herein contained four counts. Counts 1 and 2 charged both defendants with the sale and possession of a narcotic drug on January 11, 1965. Counts 3 and 4 charged both defendants with the sale and possession of a narcotic drug on January 26, 1965. The jury returned a verdict of guilty as to both defendants on all counts. A judgment of conviction was entered.

United States narcotics agent Turnbou testified that on January 11, 1965, he and an informer, Kathryn Bullock, met at a restaurant and then proceeded to an address on South Wells Street in the City of Chicago where they met the defendant Martin in his apartment. After some discussion as to the price of heroin, Turnbou gave Martin $625. Martin counted the money and then said "Go back to the house and wait for a phone call from Prince after it gets dark."

Agent Turnbou and Kathryn Bullock proceeded to her apartment on South Wentworth Street, Chicago. Turnbou told her he desired to listen to the expected telephone conversation. This was agreeable to Bullock and she showed Turnbou the location of the extension telephone.

Defendant Parker called and agent Turnbou, listening in on the extension phone, heard Parker say, "Hi, Bert, this is Prince. Meet me in about fifteen minutes at McDonald's on 71st Street."

Turnbou and Kathryn Bullock then proceeded by automobile to 71st Street and Vincennes where defendant Parker met them and stated "I've got the package and I am supposed to give it to Kathryn, Bert. Let's go to your house. I don't like the idea of sitting on the street in an automobile with an ounce on me. We can settle it there." The three then

went to Kathryn Bullock's apartment where defendant Parker delivered 25.52 grams of heroin hydrochloride.

On January 26, 1965, agent Turnbou and Kathryn Bullock again met and conversed with defendant Martin at his apartment. Turnbou stated he wanted to obtain another ounce of heroin. Martin replied "Well, stuff is real scarce around here now, and the best I can do is $725 an ounce." Turnbou finally agreed to the price and handed Martin $725. Martin then directed them to "go home and wait for a call."

Turnbou and Bullock proceeded to her residence, and Turnbou again told her he wanted to listen to any telephone call which she received, to which Bullock agreed. Parker called. Turnbou, listening in on the extension phone, heard Parker say "Bert, meet me in half an hour at 63rd and Stewart." Turnbou and Bullock then proceeded by automobile to 63rd and Stewart where defendant Parker handed Turnbou a clear plastic bag which contained 25.09 grams of heroin hydrochloride.

The principal point urged by appellants for reversal is an alleged error in the receipt in evidence of testimony by agent Turnbou as to conversations overheard on the telephone between defendant Parker and informer Bullock. It is further argued that permission to listen was not given by Bullock as a matter of law because she was working under coercion.

It is further argued that the information used was received in contravention of Illinois state law. Reliance is had on a decision of the Supreme Court of Illinois—People of the State of Illinois v. Kurth (1966), 34 Ill.2d 387, 216 N.E.2d 154.

In Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134 (1957), reh. den. 355 U.S. 925, 78 S.Ct. 363, 2 L.Ed.2d 355, the Supreme Court stated the issue in that case to be, page 107, 78 S.Ct. page 162—"This case concerns the issue of whether the contents of a communication overheard on a regularly used telephone extension with the consent of one party to the conversation are admissible in federal court." [Footnote omitted] The decision was that such evidence is admissible.[1]

■ Before and since the decision in Rathbun, this Court has repeatedly held that testimony relating to telephone conversations overheard with the consent of a party thereto is admissible. United States v. Kountis, 7 Cir. (1965), 350 F.2d 869, 870, cert. den. 382 U.S. 980, 86 S.Ct. 554, 15 L.Ed.2d 470;[2] United States v. Campbell, 7 Cir. (1964), 337 F.2d 396, 398–399, cert. den. 379 U.S. 983, 85 S.Ct. 694, 13 L.Ed.2d 573; United States ex rel. Dixon v. Pate, 7 Cir. (1964), 330 F.2d 126, 127–128, cert. den. 379 U.S. 891, 85 S.Ct. 165, 13 L.Ed.2d 95;[2] United States v. Williams, 7 Cir. (1963), 311 F.2d 721, 725, cert. den. 374 U.S. 812, 83 S.Ct. 1703, 10 L.Ed.2d 1035; United States v. Bookie, 7 Cir. (1956), 229 F.2d 130, 132; United States v. White, 7 Cir. (1956), 228 F.2d 832, 834–835.[2]

There is no evidence in this record which would, in any way, indicate that informer Bullock was acting under coercion or duress. Any inference to the contrary is unwarranted on this record.

■ The cases cited, and others, have held that listening on an extension telephone with the consent of one of the parties is not a violation of Section 605 of the Federal Communications Act.[3]

■ We hold the District Court properly admitted the testimony of agent

1. The Court noted that some courts had held that the consent of both parties was necessary, while other courts, including this Circuit, had ruled that the consent of one party was sufficient to make the testimony admissible. 355 U.S. at 109, 78 S.Ct. 161. The decision adopted the view that only one party to the conversation need consent to the overhearing.

2. The cases designated with footnote 2 all involve conversations overheard on an extension telephone with the consent of one of the parties to such conversation.

3. 47 U.S.C. § 605 provides that " * * * no person not being authorized by the

Turnbou relating conversations between defendant Parker and informer Bullock, because these conversations were listened to by agent Turnbou over an extension telephone with the consent of the informer Bullock.

Defendants strongly urge that present Illinois law as shown by People v. Kurth, supra, requires that the many prior decisions of our Court hereinbefore cited must be overruled or, at least, disregarded. We disagree!

Preliminarily, it may be noted that the evidence involving the listening to the telephone conversations between Parker and Bullock and the trial of the defendants, occurred prior to the decision of the Illinois Supreme Court in *Kurth*. To have any effect in the present case, we would be required to apply the decision retroactively. We do not reach that point. Furthermore, it is not clear from *Kurth*, which involved the admission of recordings, that the conduct here criticized did violate Article 14 of the Illinois Criminal Code. Again, we do not reach that point.

■ Assuming *arguendo*, that the rule in *Kurth* does apply, and that Turnbou's activities were a violation of the Illinois statute, the question remains whether such evidence is inadmissible in a federal court because it was obtained in violation of state law. The answer is "No."

The admissibility of evidence in federal criminal prosecutions is governed by Rule 26, F.R.Cr.P., which provides " * * * The admissibility of evidence and the competency and privileges of witnesses shall be governed, except when an act of Congress or these rules otherwise provide, by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." This Rule does not make admissibility of evidence in federal courts dependent upon diverse state laws; rather, it seems to envision a uniform federal practice in all federal criminal cases.

A number of courts have held that a violation of state law does not affect admissibility of evidence in the federal courts. In On Lee v. United States, 343 U.S. 747, 72 S.Ct. 967, 96 L.Ed. 1270 (1952), reh. den. 344 U.S. 848, 73 S.Ct. 5, 97 L.Ed. 659, a federal agent was permitted to testify about conversations he overheard between the defendant and an "undercover agent." The Supreme Court said, pages 754–755, 72 S.Ct. page 972—"But here neither agent nor informer violated any federal law; and violation of state law, even had it been shown here, as it was not, would not render the evidence obtained inadmissible in federal courts. Olmstead v. United States, 277 U.S. 438, at 468 [48 S.Ct. 564, 569, 72 L.Ed. 944]."

Pertinent also is the statement of the Court in Ferguson v. United States, 10 Cir. (1962), 307 F.2d 787, at page 790, vacated and remanded on other grounds on motion of the United States, 375 U. S. 962, 84 S.Ct. 479, 11 L.Ed.2d 413, where the Court said:

"Both Congress and the Oklahoma legislature have indicated what those respective bodies consider necessary for the control of telephonic communications. Such legislation need not be in harmony, and may conflict * * but the course of a federal criminal prosecution cannot be controlled by state law."

In a recent decision, United States v. Jones, 369 F.2d 217 (1966), this Court had occasion to consider the claimed error in a criminal case that defendants were prejudiced by "evidence of conversations obtained through the use of an eavesdropping device, in violation of Illinois law * * *." In an opinion written by Chief Judge Hastings, we held such evidence was admissible in the trial of a criminal case in the federal court.

sender shall intercept any communication and divulge or publish the existence, contents, substance, purport, effect, or mean-

ing of such intercepted communication to any person; * * *."

The defendants also urge it was error to admit into evidence the statements of defendant Martin made out of the presence of defendant Parker, and statements of defendant Parker made out of the presence of defendant Martin. However, the jury was justified in finding beyond a reasonable doubt that the statements received in evidence were made in furtherance of or during a joint venture.

The instructions given by the trial court were properly limited so as not to suggest to the jury that there was a common plan or scheme. This distinguishes the instant case from United States v. Pronger, 7 Cir. (1961), 287 F.2d 498, 500, relied upon by defendants.

The defendants did not object to the comments and instructions of the trial court when the evidence was received, nor did they object to the final charge, nor did they request or tender any instructions on this issue. We hold the receipt of the statements made by defendants Martin and Parker respectively, was not error. United States v. Furlong, 7 Cir. (1952), 194 F.2d 1, 3, cert. den. 343 U.S. 950, 72 S.Ct. 1042, 96 L. Ed. 1352.

Finding no prejudicial error, the judgment of the District Court is

Affirmed.