Albert **ROVIARO**, Petitioner-Appellant,

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

No. 17494.

United States Court of Appeals
Seventh Circuit.

Jan. 5, 1970.

Rehearing Denied Feb. 2, 1970.

Carl M. Walsh, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., John B. Simon, Asst. U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, Michael B. Nash, Asst. U. S. Attys., Chicago, Ill., of counsel.

Before CASTLE, Chief Circuit Judge, SWYGERT, Circuit Judge, and GORDON, District Judge.

MYRON L. GORDON, District Judge.[1]

The appellant, Albert Roviaro, was convicted of violating 21 U.S.C. § 174, which deals with conspiracy under the narcotics laws. An appeal from the conviction has previously been decided adversely to the defendant. United States v. Roviaro, 379 F.2d 911 (7th Cir. 1967). Mr. Roviaro then sought relief under 28 U.S.C. § 2255, and the present appeal is taken from the trial court's denial of his § 2255 motion. He alleges that his constitutional rights under the fourth and sixth amendments were violated.

Conversations between the defendant and a government informer, who wore a Kel-set transmitter taped to his body, were monitored by a federal agent. Over the defendant's objections, these conversations were admitted into evidence. The defendant's reliance on United States v. White, 405 F.2d 838 (7th Cir. 1969), cert. granted 394 U.S. 957, 89 S.Ct. 1305, 22 L.Ed.2d 559

1. The writer of this opinion is sitting by designation from the district court for the Eastern District of Wisconsin.

(1969), is misplaced. In United States v. Teller, 412 F.2d 374 (7th Cir. 1969), we recognized that *White* could not be retroactive beyond December 18, 1967 for the reason that *White* relied upon Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), and the date of the *Katz* opinion, December 18, 1967, was set by the supreme court as the retroactive limit of the rule in *Katz* in the Court's subsequent decision in Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969). Since the Kel-set transmitter in the instant case was not used after May 4, 1963, this court must apply the "trespass" theory of On Lee v. United States, 343 U.S. 747, 72 S.Ct. 967, 96 L.Ed. 1270 (1952). We find that no trespass was committed under the facts of the case at bar.

■ The defendant argues that the introduction into evidence of a telephone conversation between the defendant and the same government informer was error. A federal agent listened to the conversation over the shoulder of the informer, with the latter's permission, and repeated the conversation in court. This practice was specifically approved in United States v. Martin, 372 F.2d 63 (7th Cir. 1967).

■ Challenge to the conviction under the sixth amendment is based on Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), where the Court held the admission of an out of court statement by a co-defendant, inculpating Bruton, was reversible error. The indictment in the case at bar charged Mr. Roviaro with conspiring with eleven other persons. Three of those eleven were named as co-defendants. Of those three, one was acquitted, another had the indictment against him dismissed, and the third man's case ended with a hung jury; only Mr. Roviaro was convicted. The appellant argues that evidence involving his co-defendants must have been improperly used against him, but we do not find this claim impressive. The jury may have believed that Mr. Roviaro conspired with one or more of the eight alleged conspirators who were not indicted.

There are no allegations before us as to what specific evidence was prejudicial to the defendant other than some statements by two addicts describing drug addiction to the jury. In *Bruton* and the cases which have applied its doctrine, there were extra-judicial statements which clearly inculpated another defendant. See Serio v. United States, 401 F.2d 989 (D.C. Cir. 1968); United States ex rel. Johnson v. Yeager, 399 F.2d 508 (3rd Cir. 1968); United States v. Lyon, 397 F.2d 505 (7th Cir. 1968). No such showing has been made here by Mr. Roviaro.

In his jury instructions, the trial judge carefully explained which statements could be applied to which defendants. There is no reason to believe that the jury did not understand and heed his instructions since they acquitted one defendant, convicted another, and split their vote as to the other; this is a striking indication that the jury did not apply all the evidence to all the defendants. We conclude that there was no denial of sixth amendment rights.

The district court's denial of the § 2255 motion is therefore affirmed.